FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 1 2 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

THEODORE SHEARIN,

                                           Plaintiff,

           -against-

CITY OF NEW YORK, MICHAEL DARAGJATI, MIKE NIX,
KEVIN SINCLAIR, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

# CV 11 - 3338

WEINSTEIN, J.

CARTER, M.J.

     Plaintiff THEODORE SHEARIN, by his attorneys, Leventhal & Klein, LLP,

complaining of the defendants, respectfully allege as follows:

## Preliminary Statement

     1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

     2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth

and Fourteenth Amendments to the United States Constitution, and the Constitution of the State

of New York.

     3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

     4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff THEODORE SHEARIN is a thirty-three year old African American man residing in New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, MICHAEL DARAGJATI, MIKE NIX, KEVIN SINCLAIR, and JOHN or JANE DOE 1 through 10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On July 12, 2008, plaintiff was present inside of 810 Henderson Avenue, Staten Island, New York, as a lawful invitee of Queen Adams, who resides at 810 Henderson Avenue, apartment 5A.

13.     Plaintiff entered said location in haste, because, while en route to Ms. Adams' apartment, plaintiff heard the sound of gun fire.

14.     After hurriedly entering said location, plaintiff realized he had dropped his cell phone.

15.     At approximately 11:45 p.m., plaintiff was looking for his cell phone in a hallway of 810 Henderson Avenue, when he was stopped, detained, and arrested by defendants DARAGJATI and NIX.

16.     Notwithstanding the fact that plaintiff informed the defendant officers that he was an invited guest, the defendant officers placed handcuffs on plaintiff's wrists and transported plaintiff to the 120th precinct stationhouse and imprisoned him therein.

17.     The defendants imprisoned plaintiff until July 14, 2008, when plaintiff was arraigned in Richmond County Criminal Court, on baseless charges filed under docket number 2008RI006996; said charges having been filed based on the false allegations of defendant DARAGJATI. Defendant initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority, and to benefit himself personally and professionally.

18.     The malicious prosecution compelled plaintiff to return to court for the next four months, on approximately three court dates, until November 20, 2008 when all the purported

3

charges filed against plaintiff by the defendants were dismissed and sealed in Richmond County Criminal Court by the Honorable Matthew Sciarrino, who acquitted plaintiff after a bench trial.

19.     Defendant SINCLAIR supervised defendant DARAGJATI and approved of, oversaw, and otherwise presided over the defendant's arrest and prosecution of the plaintiff.

20.     Defendants DARAGJATI, NIX, and JOHN and JANE DOE 1 through 10, either directly participated in and/or failed to intervene in the illegal conduct described herein.

21.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

22.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained on the proper way investigate individuals who are present in buildings, and have repeatedly arrested individuals for trespassing in buildings in which said individuals were lawfully present.

23.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

24.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice,

4

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

25.     As a result of the foregoing, plaintiff THEODORE SHEARIN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

26.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

27.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

28.     All of the aforementioned acts deprived plaintiff THEODORE SHEARIN, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

31.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32.     As a result of the foregoing, plaintiff THEODORE SHEARIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants arrested plaintiff THEODORE SHEARIN without probable cause, causing him to be detained against his will for an extended period of time and subjected him to physical restraints.

35.     Defendants caused plaintiff THEODORE SHEARIN to be falsely arrested and unlawfully imprisoned.

36.     As a result of the foregoing, plaintiff THEODORE SHEARIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     Defendants maliciously issued criminal process against plaintiff by causing him to

6

be arraigned and prosecuted in Richmond County Criminal Court.

39.     Defendants caused plaintiff THEODORE SHEARIN to be prosecuted in order to

obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up

their abuse of authority, and for personal and professional benefits.

40.     As a result of the foregoing, plaintiff THEODORE SHEARIN is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Defendants initiated, commenced and continued a malicious prosecution against

plaintiff.

43.     Defendants caused plaintiff THEODORE SHEARIN to be prosecuted without

any probable cause until the charges were dismissed on November 20, 2008.

44.     As a result of the foregoing, plaintiff THEODORE SHEARIN is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

7

46.     Defendants had an affirmative duty to intervene on behalf of plaintiff THEODORE SHEARIN, whose constitutional rights were being violated in their presence by other officers.

47.     The defendants failed to intervene to prevent the unlawful conduct described herein.

48.     As a result of the foregoing, plaintiff THEODORE SHEARIN, was subjected to false arrest, and his liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause.

49.     As a result of the foregoing, plaintiff THEODORE SHEARIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

50.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     The defendants illegally stopped, detained, arrested, and prosecuted, plaintiff THEODORE SHEARIN because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

52.     As a result of the foregoing, plaintiff THEODORE SHEARIN, was deprived of his rights under the Equal Protection Clause of the United States Constitution.

8

53.   As a result of the foregoing, plaintiff THEODORE SHEARIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

54.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.   The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

56.   As a result of the foregoing, plaintiff THEODORE SHEARIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

57.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

59.   The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, stopping and

9

detaining individual without reasonable suspicion, arresting individuals without probable cause and then committing perjury and/or manufacturing evidence and/or engaging in falsification in an effort to convict such individuals, and arresting people for trespass despite their lawful presence at the location where they stand accused of trespassing. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff THEODORE SHEARIN' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

60.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff THEODORE SHEARIN.

61.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff THEODORE SHEARIN, as alleged herein.

62.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff THEODORE SHEARIN, as alleged herein.

63.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff

10

THEODORE SHEARIN was unlawfully seized, detained, incarcerated, and prosecuted.

64.     Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating plaintiff THEODORE SHEARIN' constitutional

rights.

65.     All of the foregoing acts by defendants deprived plaintiff THEODORE

SHEARIN of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from seizure and arrest not based upon probable cause;

        C.     To be free from false imprisonment/arrest;

        D.     To be free from malicious abuse of process and/or malicious prosecution;

        E.     To receive equal protection under law;

        F.     To be free from the failure to intervene;

66.     As a result of the foregoing, plaintiff THEODORE SHEARIN is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE,** plaintiff THEODORE SHEARIN demands judgment and prays for the

following relief, jointly and severally, against the defendants:

    (A)    full and fair compensatory damages in an amount to be determined by a jury;

    (B)    punitive damages in an amount to be determined by a jury;

    (C)    reasonable attorney's fees and the costs and disbursements of this action; and

    (D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      July 12, 2011

                       LEVENTHAL & KLEIN, LLP
                       45 Main Street, Suite 230
                       Brooklyn, New York 11201
                       (718) 722-4100

                       By: _____
                            BRETT H. KLEIN (BK4744)

                       Attorneys for Plaintiff THEODORE SHEARIN

12