UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

THEODORE SHEARIN,

                                                    Plaintiff,

                        -against-

CITY OF NEW YORK, MICHAEL DARAGJATI, MIKE
NIX, KEVIN SINCLAIRand JOHN and JANE DOE 1
through 10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                                    Defendants.

---------------------------------------------------------------------- x

**DEFENDANTS CITY OF
NEW YORK, MICHAEL
DARAGJATI AND KEVIN
SINCLAIR'S ANSWER TO
THE COMPLAINT**

CV 11 3338 (JBW) (ALC)

JURY TRIAL DEMANDED

        Defendants City of New York, Michael Daragjati and Kevin Sinclair, by their

attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to

the complaint dated July 12, 2011, respectfully allege, upon information and belief, as follows:[1]

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit

that plaintiff purports to proceed and seek relief as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit

that plaintiff purports to proceed as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit

that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit

that plaintiff purports to base venue as stated therein.

---

[1] A review of the Court docket appears to indicate that the defendant identified in the caption of the complaint
as "Mike Nix" has not been served with process and thus, is not a party to this action.

5.  The allegations set forth in paragraph "5" of the complaint set forth no averment of fact to which a response is required.

6.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.  Admit the allegations set forth in paragraph "7" of the complaint.

8.  Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a Police Department, and respectfully refer the Court to the New York City Administrative Code and the New York City Charter for the relationship between the City of New York and the New York City Police Department.

9.  Deny the allegations set forth in paragraph "9" of the complaint insofar as they set forth averments of fact, except admit that Michael Daragjati, Michael Nix and Kevin Sinclair are employed by the City of New York as police officers; insofar as they set forth conclusions of law, defendants state that no response is required.

10. Deny the allegations set forth in paragraph "10" of the complaint insofar as they set forth averments of fact; insofar as they set forth conclusions of law, defendants state that no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was in the vicinity of 810 Henderson Avenue in Staten Island, New York on or about July 12, 2008.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was arrested.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff was transported to the 120th police precinct.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that criminal charges were filed under docket number 2008RI006996, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's arraignment or time in custody.

18. Deny the allegations set forth in paragraph "18" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's purported court appearances, and the disposition of plaintiff's criminal charges.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

- 4 -

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint, and its subparts.

66. Deny the allegations set forth in paragraph "66" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

67. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

68. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

69. Any injury alleged to have been sustained by plaintiff resulted from culpable or negligent conduct on the part of plaintiff or third-parties and was not the proximate result of any act of defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

70. There was probable cause for plaintiff's arrest and prosecution.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

71. To the extent plaintiff has stated any claims under state law, those claims are barred by his failure to commence this action within the applicable statute of limitations.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

72. Plaintiff may have failed to comply with certain conditions precedent to suit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

73. At all times relevant to the acts alleged in the complaint, defendant City of New York acted reasonably, properly, lawfully and in good faith in the exercise of its discretion. Consequently, defendant City is entitled to governmental immunity.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

74. Plaintiff cannot obtain punitive damages against the City of New York.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

75. Defendants Michael Daragjati and Kevin Sinclair have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity

**WHEREFORE,** defendants City of New York, Michael Daragjati and Kevin Sinclair request judgment dismissing the complaint with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                October 11, 2011

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        *Attorney for Defendants City of New York, Michael Daragjati and Kevin Sinclair*
                                        100 Church Street, Room 3-203b
                                        New York, New York 10007
                                        (212) 341-0797

                                        By:    /S _____
                                               BRIAN J. FARRAR
                                               Assistant Corporation Counsel

cc:     Brett Klein, Esq. (by ECF)
        Leventhal & Klein, LLP
        *Attorneys for plaintiff*
        45 Main Street, Suite 230
        Brooklyn, New York 11201

Docket No.  CV 11 3338 (JBW) (ALC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THEODORE SHEARIN,

Plaintiff,

-against-

CITY OF NEW YORK, MICHAEL DARAGJATI,
MIKE NIX, KEVIN SINCLAIRand JOHN and
JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

Defendants.

**DEFENDANTS CITY OF NEW YORK,
MICHAEL DARAGJATI AND KEVIN
SINCLAIR'S ANSWER TO THE COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York, Michael
Daragati and Kein Sinclair*

*100 Church Street*
*New York, New York  10007*

*Of Counsel: Brian Farrar*
*Tel:  (212) 341-0797*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................. , 2011*

*...................................................................... Esq.*

*Attorney for ............................................................*